IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| RKCJ, LLC,, § | | |
| § | | |
| Plaintiff, § | | |
| § | | |
| V. § | No. 3:21-cv-2597-BN | |
| § | | |
| FARMERS AND MERCHANTS § | | |
| BANK, § | | |
| § | | |
| Defendant. § | | |

## **MEMORANDUM OPINION AND ORDER**

Defendant Farmers and Merchants Bank has filed a Rule 12(b)(6) motion to dismiss. *See* Dkt. No. 4. Plaintiff RKCJ, LLC filed a response, *see* Dkt. No. 16, and Defendant filed a reply, *see* Dkt. No. 17.

For the following reasons, the Court grants the motion to dismiss.

## **Background**

This lawsuit concerns commercial real property located at 1801 East Wheatland Road in Dallas, Texas (the "Property"). On June 8, 2016, Plaintiff sold the Property to Global Town, LLC ("Buyer"). The total purchase price was $5,199,675.00. Defendant financed one-half of the purchase price, or $2,599,987.50, and held the first lien on the Property. *See* Dkt. No. 4-1. Plaintiff financed Buyer's cash down payment of $2,599,987.50 and held a second lien on the Property. *See* Dkt. No. 4-2.

Buyer subsequently defaulted on the loan agreement regarding the first lien,

-1-

and Defendant noticed the Property for foreclosure sale on July 6, 2021. *See* Dkt. No. 1-2 at 24.

On July 2, 2021, Plaintiff filed its first lawsuit, seeking injunctive relief to prevent foreclosure. *See RKCJ, LLV v. Farmers and Merchants Bank*, No. DC-21-085459 (95th Dist. Ct., Dallas County, Tex. July 2, 2021). On July 3, 2021, the state court set an emergency hearing on Plaintiff's application for a temporary restraining order ("TRO") for 10:15 a.m. on July 6, 2021. *See* Dkt. No. 1-2 at 19-20.

On July 6, 2021, Defendant conducted the foreclosure sale and at 10:05 a.m. sold the Property to the same Buyer for $2,771,222.25. *See id.* at 1-2 at 30-32 (Substitute Trustee's Deed). At 10:18 a.m. the state court issued a TRO precluding the scheduled foreclosure sale. *See id.* at 22-25. Plaintiff posted the cash bond at 10:55 a.m. *See id.* at 26-28.

Plaintiff non-suited its first lawsuit on July 19, 2021, stating that it no longer wanted to prosecute its case.

On September 27, 2021, Plaintiff filed its second lawsuit. *See RKCJ, LLV v. Farmers and Merchants Bank*, No. DC-21-14361 (14th Dist. Ct., Dallas County, Tex. Sept. 27, 2021). *See* Dkt. No. 1-2 at 5-13. Plaintiff explains that it sought a TRO in the first lawsuit to prevent Defendant and Buyer from colluding to extinguish Plaintiff's inferior lien through the foreclosure sale. Plaintiff asks the Court to order Defendant to show cause why it should not be held in contempt and, after the show cause hearing, to find Defendant in contempt and declare the Substitute Trustee's Deed void.

Defendant removed the case to this Court, s*ee* Dkt. No. 1, then filed its motion to dismiss for failure to state a claim, *see* Dkt. No. 4. Defendant argues the only claim that Plaintiff appears to allege is one relating to sanctions. And, to the extent that Plaintiff's claim could be construed as one for declaratory relief, Plaintiff has failed to state a substantive claim on which relief could be granted. *See id.*

Plaintiff responds that it is not asserting a claim for declaratory relief, but for violation of an injunction. *See* Dkt. No. 16 at 6.

Defendant replies that violation of an injunction is not a substantive claim on which relief could be granted, either. *See* Dkt. No. 17.

## Legal Standards

In deciding a Federal Rule of Civil Procedure 12(b)(6) motion, the Court must "accept all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205–06 (5th Cir. 2007). To state a claim upon which relief may be granted, Plaintiffs must plead "enough facts to state a claim to relief that is plausible on its face," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and must plead those facts with enough specificity "to raise a right to relief above the speculative level." *Id*. at 555. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility

that a defendant has acted unlawfully." *Id.* "A claim for relief is implausible on its face when 'the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct.'" *Harold H. Huggins Realty, Inc. v. FNC, Inc.*, 634 F.3d 787, 796 (5th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 679).

While, under Federal Rule of Civil Procedure 8(a)(2), a complaint need not contain detailed factual allegations, Plaintiffs must allege more than labels and conclusions, and, while a court must accept all of the Plaintiffs' allegations as true, it is "not bound to accept as true a legal conclusion couched as a factual allegation." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). A threadbare or formulaic recitation of the elements of a cause of action, supported by mere conclusory statements, will not suffice. *See id*. But, "to survive a motion to dismiss" under *Twombly* and *Iqbal*, a plaintiff need only "plead facts sufficient to show" that the claims asserted have "substantive plausibility" by stating "simply, concisely, and directly events" that Plaintiff contends entitle him or her to relief. *Johnson v. City of Shelby, Miss.*, 574 U.S. 10, 12 (2014) (per curiam) (citing FED. R. CIV. P. 8(a)(2)-(3), (d)(1), (e)); *accord N. Cypress Med. Ctr. Operating Co. v. Cigna Healthcare*, 781 F.3d 182, 191 (5th Cir. 2015) ("To survive a Rule 12(b)(6) motion to dismiss, the complaint does not need detailed factual allegations, but it must provide the plaintiff's grounds for entitlement to relief – including factual allegations that, when assumed to be true, raise a right to relief above the speculative level." (footnote and internal quotation marks omitted)).

The United States "Supreme Court has made clear that a Rule 12(b)(6) motion turns on the sufficiency of the 'factual allegations' in the complaint." *Smith v. Bank of Am., N.A.*, 615 F. App'x 830, 833 (5th Cir. 2015) (quoting *Johnson*, 135 S. Ct. at 347, and the Federal Rules of Civil Procedure "do not countenance dismissal of a complaint for imperfect statement of the legal theory supporting the claim asserted," *Johnson*, 135 S. Ct. at 346. That rationale has even more force in this case, as the Court "must construe the pleadings of pro se litigants liberally." *Andrade v. Gonzales*, 459 F.3d 538, 543 (5th Cir. 2006).

A court cannot look beyond the pleadings in deciding a Rule 12(b)(6) motion. *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999). Pleadings in the Rule 12(b)(6) context include attachments to the complaint. *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007). Documents "attache[d] to a motion to dismiss are considered to be part of the pleadings, if they are referred to in the plaintiff's complaint and are central to her claim." *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000) (quoting *Venture Assocs. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993)). "Although the [United States Court of Appeals for the] Fifth Circuit has not articulated a test for determining when a document is central to a plaintiff's claims, the case law suggests that documents are central when they are necessary to establish an element of one of the plaintiff's claims. Thus, when a plaintiff's claim is based on the terms of a contract, the documents constituting the contract are central to the plaintiff's claim." *Kaye v.*

-5-

*Lone Star Fund V (U.S.), L.P.*, 453 B.R. 645, 662 (N.D. Tex. 2011). "However, if a document referenced in the plaintiff's complaint is merely evidence of an element of the plaintiff's claim, then the court may not incorporate it into the complaint." *Id.*

In addition, "it is clearly proper in deciding a 12(b)(6) motion to take judicial notice of matters of public record." *Norris v. Hearst Trust*, 500 F.3d 454, 461 n.9 (5th Cir. 2007); *accord Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2008) (directing courts to "consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice"). And "[t]here is nothing improper about the district court considering the content of briefing that supports or opposes a motion under Rule 12(b)(6) when deciding such a motion," where, although "[w]hen matters outside the pleadings are presented to the court in connection with a motion under Rule 12(b)(6), the motion must be treated as a Rule 56 motion for summary judgment and appropriate notice given to the parties," the United States Court of Appeals for the Fifth Circuit has held "that briefs and oral arguments in connection with the motion ... are not considered matters outside the pleadings for purposes of conversion." *Turnage v. McConnell Techns., Inc.*, 671 F. App'x 307, 309 (5th Cir. 2016) (per curiam) (internal quotation marks and citations omitted).

## Analysis

Federal Rule of Civil Procedure 8(a)(2) requires a pleading to contain "a short

and plain statement of the claim showing that the pleader is entitled to relief." Plaintiff's complaint does not specifically identify any cause of action. Liberally construing the complaint, Plaintiff requests the Court impose sanctions against Defendant for allegedly violating the TRO and the form of sanctions sought is a declaration that the Substitute Trustee's Deed void.

But Plaintiff's request to sanction Defendant fails to state a claim for relief because a sanctions request is not an independent cause of action. *See US Bank N.A., Trustee to LaSalle Bank Nat'l Assoc. v. Parson,* No. 3:20-cv-2104-N-BT, 2020 WL 7295838, at *5 (N.D. Tex. Nov. 20, 2020) (citing *JP Morgan Chase Bank v. State Bank*, Civil Action No. H–9–2520, 2009 WL 3570841, at *2 (S. D. Tex. Oct. 26, 2009) (granting motion to dismiss counterclaim for sanctions because "motions for sanctions are not independent causes of action")); *see also Port Drum Co. v. Umphrey,* 852 F.2d 148, 150 (5th Cir. 1988) (Rule 11 of the Federal Rules of Civil Procedure is not an independent cause of action); *Mantri v. Bergman,* 153 S.W.3d 715, 718 (Tex. App. – Dallas 2005, pet. denied) (Rule 10 of the Texas Civil Practice & Remedies Code is not an independent cause of action).

And, although orders entered by a state court prior to removal become orders of this Court once a case is removed, *see* 28 U.S.C. § 1450, the TRO that Plaintiff seeks to enforce by contempt or sanctions was not entered in this action, and Plaintiff "has not provided any legal basis for this court to hold [Defendant] in contempt of another court's injunction," *Carrillo v. Bank of Am., N.A.*, No. CIV.A. H-12-3096, 2013 WL 1558320, at *1 n.1 (S.D. Tex. Apr. 11, 2013); *cf. In re Gabbai,*

968 S.W.2d 929, 931 (Tex. 1998) ("While courts possess inherent power to enforce their own orders through contempt proceedings, they generally lack the authority to enforce another court's orders by contempt." (cleaned up)).

Because Plaintiff's complaint fails to state an independent cause of action as currently pleaded, the Court cannot declare the Substitute Trustee's Deed void. "The federal Declaratory Judgment Act 'does not create a substantive cause of action' and 'is merely a vehicle that allows a party to obtain an early adjudication of an actual controversy arising under other substantive law.'" *Carrie v. JPMorgan Chase Bank, N.A.*, No. 3:14-cv-3756-K, 2015 WL 11120991, at *9 (N.D. Tex. June 19, 2015) (quoting *Metropcs Wireless, Inc. v. Virgin Mobile USA, L.P.*, No. 3:08-cv-1568-D, 2009 WL 3075205, at *19 (N.D. Tex. Sept. 25, 2009)); *see also Cody v. Bank of New York*, No. A–15–CV–00332–LY–ML, 2015 WL 5883374, at *5 (W.D. Tex. Oct. 8, 2015) (holding request that the court declare the Substitute Trustee's Deed and related public record void is without merit as there was no substantive underlying claim that casted doubt on the validity of the foreclosure) (citing *Collin County, Tex. V. Homeowners Ass'n for Values Essential to Neighborhoods, (HAVEN)*, 915 F.2d 167, 170 (5th Cir. 1990)).

## Conclusion

The Court GRANTS Defendant Farmers and Merchants Bank's Rule 12(b)(6) Motion to Dismiss [Dkt. No. 4] and dismisses without prejudice Plaintiff RKCJ, LLC's claims, with leave to amend to replead by **April 22, 2022**. If an amended complaint repleading RKCJ, LLC's claims is not filed by that date, Plaintiff RKCJ,

LLC's case will be dismissed with prejudice without further notice.

    SO ORDERED.

    DATED: April 7, 2022

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE