IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| RKCJ, LLC,, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:21-cv-2597-BN |
| | § | |
| FARMERS AND MERCHANTS | § | |
| BANK, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Defendant Farmers and Merchants Bank has filed a motion for summary judgment. *See* Dkt. No. 27. Plaintiff RKCJ, LLC filed a response, *see* Dkt. No. 33, and Defendant filed a reply, *see* Dkt. No. 34.

For the following reasons, the Court grants the motion for summary judgment.

## Background

This is a foreclosure lawsuit arising from Plaintiff's sale of land to Global Town, LLC. The purchase price consisted of a cash down payment and Defendant's loan to Global Town.

On June 8, 2016, Global Town executed a Note in the amount of $2,599,987.50 made to Defendant to purchase a portion of the property located at 1801 E. Wheatland Road, Dallas, Texas 75206 (the "Property") from Plaintiff. *See* Dkt. No. 28-2. The Note was secured by a Deed of Trust. *See* Dkt. No. 28-3. The

-1-

Deed of Trust was recorded in the Official Public Records of Dallas County, Texas. *See* Dkt. No. 28-3 at 1, 9. Defendant is the beneficiary of the Deed of Trust. *See id*.

Global Town subsequently defaulted on its payment obligations under the Note. On January 18, 2021, Defendant's counsel sent Global Town written Notice of Default and Intent to Accelerate. *See* Dkt. No. 28-4. Global Town was informed in the notice that, if it failed to cure the default within twenty days, the sums secured by the Deed of Trust would be accelerated. *See id*.

Global Town failed to cure its default. On June 14, 2021, Defendant's counsel sent Global Town Notice of Acceleration. *See* Dkt. No. 28-5. Global Town was informed in the notice that the Property would be sold in non-judicial foreclosure sale set for July 6, 2021. *See id*.

On July 2, 2021, Plaintiff filed a lawsuit in state court seeking injunctive relief to prevent foreclosure. *See RKCJ, LLV v. Farmers and Merchants Bank*, No. DC-21-085459 (95th Dist. Ct., Dallas County, Tex. July 2, 2021). In its Affidavit in support of the TRO, Plaintiff stated it feared that Defendant and Global Town were colluding to avoid payment of the fair market value of the land and that Plaintiff would suffer irreparable injury and had no adequate remedy at law because Global Town and Defendant, the senior lender, could possibly agree to divide the profit resulting from Global Town's default and wipe out Plaintiff's secondary lien. *See* Dkt. Nos. 24-1 at 2-3, 33-1 at 1-2 (Affidavits of Robert J. Pitre).

On July 3, 2021, the state court set an emergency hearing on Plaintiff's application for a temporary restraining order ("TRO") for 10:15 a.m. on July 6, 2021.

*See* Dkt. No. 1-2 at 19-20.

The following happened on July 6, 2021:

At 10:05 a.m., the Property was sold in the foreclosure sale. *See* Dkt. Nos. 28-6, 28-7.

At 10:18 a.m., Plaintiff obtained a TRO commanding Defendant to "cease and desist from refusing to respond to request for pay-off amounts and execution of partial releases." Dkt. No. 24-2 at 13.

At 10:49 a.m., the Substitute Trustee's Deed reflecting sale of the Property was recorded in the Real Property Records of Dallas County, Texas. *See* Dkt. No. 28-6.

At 10:55 a.m., Plaintiff posted the TRO bond. *See* Dkt. No. 24-2 at 14-16.

The timing of these events is central to Plaintiff's claim. In its First Amended Complaint for Quiet Title, Plaintiff asserts the Substitute Trustee's Deed filed at 10:49 a.m. was invalid because it violated the TRO obtained at 10:18 a.m. and, as a result, the Substitute Trustee's Deed creates a cloud on Plaintiff's title through its secondary lien on the Property. *See* Dkt. No. 24 at 3 ¶6, 4.

Defendant now seeks summary judgment and asserts that Plaintiff's quiet title claim fails because Plaintiff relies on the alleged inferiority of Defendant's lien instead of the superiority of its lien.

Plaintiff responds that the Substitute Trustee's Deed clouds its title and should be invalidated because it was entered after and in violation of the TRO.

## Legal Standards

Under Federal Rule of Civil Procedure 56, summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the

movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). A factual "issue is material if its resolution could affect the outcome of the action." *Weeks Marine, Inc. v. Fireman's Fund Ins. Co.*, 340 F.3d 233, 235 (5th Cir. 2003). "A factual dispute is 'genuine,' if the evidence is such that a reasonable [trier of fact] could return a verdict for the nonmoving party." *Crowe v. Henry*, 115 F.3d 294, 296 (5th Cir. 1997).

If the moving party seeks summary judgment as to his opponent's claims or defenses, "[t]he moving party bears the initial burden of identifying those portions of the pleadings and discovery in the record that it believes demonstrate the absence of a genuine issue of material fact, but is not required to negate elements of the nonmoving party's case." *Lynch Props., Inc. v. Potomac Ins. Co.*, 140 F.3d 622, 625 (5th Cir. 1998). "A party asserting that a fact cannot be or is genuinely disputed must support the assertion by: (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." FED. R. CIV. P. 56(c)(1). "Summary judgment must be granted against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which it will bear the burden of proof at trial.

If the moving party fails to meet this initial burden, the motion must be denied, regardless of the nonmovant's response." *Pioneer Expl., L.L.C. v. Steadfast Ins. Co.*, 767 F.3d 503, 511 (5th Cir. 2014) (internal quotation marks and footnote omitted).

"Once the moving party meets this burden, the nonmoving party must set forth" – and submit evidence of – "specific facts showing a genuine issue for trial and not rest upon the allegations or denials contained in its pleadings." *Lynch Props.*, 140 F.3d at 625; *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc); *accord Pioneer Expl.*, 767 F.3d at 511 ("[T]he nonmovant cannot rely on the allegations in the pleadings alone" but rather "must go beyond the pleadings and designate specific facts showing that there is a genuine issue for trial." (internal quotation marks and footnotes omitted)).

The Court is required to consider all evidence and view all facts and draw all reasonable inferences in the light most favorable to the nonmoving party and resolve all disputed factual controversies in favor of the nonmoving party – but only if the summary judgment evidence shows that an actual controversy exists. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986); *Pioneer Expl.*, 767 F.3d at 511; *Boudreaux v. Swift Transp. Co., Inc.*, 402 F.3d 536, 540 (5th Cir. 2005); *Lynch Props.*, 140 F.3d at 625. "The evidence of the nonmovant is to be believed, and all justifiable inferences are to be drawn in [her] favor. While the court must disregard evidence favorable to the moving party that the jury is not required to believe, it gives credence to evidence supporting the moving party that is uncontradicted and unimpeached if that evidence comes from disinterested witnesses." *Porter v. Houma*

*Terrebonne Hous. Auth. Bd. of Comm'rs*, 810 F.3d 940, 942-43 (5th Cir. 2015) (internal quotation marks and footnotes omitted). And "[u]nsubstantiated assertions, improbable inferences, and unsupported speculation are not sufficient to defeat a motion for summary judgment," *Brown v. City of Houston,* 337 F.3d 539, 541 (5th Cir. 2003), and neither will "only a scintilla of evidence" meet the nonmovant's burden, *Little*, 37 F.3d at 1075; *accord Pioneer Expl.*, 767 F.3d at 511 ("Conclusional allegations and denials, speculation, improbable inferences, unsubstantiated assertions, and legalistic argumentation do not adequately substitute for specific facts showing a genuine issue for trial." (internal quotation marks and footnote omitted)). "[W]hen the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts." *Scott v. Harris*, 550 U.S. 372, 380 (2007) (internal quotation marks omitted).

Rather, the non-moving party must "set forth specific facts showing the existence of a 'genuine' issue concerning every essential component of its case." *Morris v. Covan World Wide Moving, Inc.*, 144 F.3d 377, 380 (5th Cir. 1998). "If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may: (1) give an opportunity to properly support or address the fact; (2) consider the fact undisputed for purposes of the motion; (3) grant summary judgment if the motion and supporting materials – including the facts considered undisputed – show that the

movant is entitled to it; or (4) issue any other appropriate order." FED. R. CIV. P. 56(e).

And "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Pioneer Expl.*, 767 F.3d at 511 (internal quotation marks and footnote omitted). "[T]he mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." *Scott*, 550 U.S. at 380 (internal quotation marks and emphasis omitted). And, "[w]hen opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment." *Id.*

"After the nonmovant has been given an opportunity to raise a genuine factual issue, if no reasonable juror could find for the nonmovant, summary judgment will be granted." *DIRECTV, Inc. v. Minor*, 420 F.3d 546, 549 (5th Cir. 2005) (footnote and internal quotation marks omitted). "Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial." *Scott*, 550 U.S. at 380 (internal quotation marks omitted).

The Court will not assume "in the absence of any proof ... that the nonmoving party could or would prove the necessary facts" and will grant summary judgment

"in any case where critical evidence is so weak or tenuous on an essential fact that it could not support a judgment in favor of the nonmovant." *Little*, 37 F.3d at 1075. "Rule 56 does not impose upon the district court a duty to sift through the record in search of evidence to support a party's opposition to summary judgment," and "[a] failure on the part of the nonmoving party to offer proof concerning an essential element of its case necessarily renders all other facts immaterial and mandates a finding that no genuine issue of fact exists." *Adams v. Travelers Indem. Co. of Conn.*, 465 F.3d 156, 164 (5th Cir. 2006) (internal quotation marks omitted).

## Analysis

"A suit to quiet title is a request to invoke the court's powers of equity in removing a 'cloud' on the plaintiff's title to the property." *Smitherman v. Bayview Loan Servicing, LLC,* 727 F. App'x 787, 790 (5th Cir. 2018) (citing *Ellis v. Waldrop*, 656 S.W.2d 902, 905 (Tex. 1983)).

> To quiet title in his favor, a plaintiff "must allege right, title, or ownership in himself ... with sufficient certainty to enable the court to see he ... has a right of ownership that will warrant judicial interference." *Turner v. AmericaHomeKey Inc.*, 514 F. App'x 513, 516 (5th Cir. 2013) (per curiam) (unpublished) (citing *Wright v. Matthews*, 26 S.W.3d 575, 578 (Tex. App. – Beaumont 2000, pet. denied)). Importantly, the plaintiff in a quiet title action must recover on the strength of his title, not on the alleged weakness of the defendant's title. *Fricks v. Hancock*, 45 S.W.3d 322, 327 (Tex. App. – Corpus Christi 2001, no pet.).

*Id.* at 790-91.

In the First Amended Complaint, Plaintiff's only claim is titled "Invalidity of Defendant's Claim." Dkt. No. 24 at 4. Plaintiff pleads no facts indicating that it has

superior title to the Property and even acknowledges that Defendant's lien on the Property is superior to Plaintiff's lien. *See id.* And there is no evidence in the record to establish who paid the cash deposit portion of the purchase price or that Plaintiff has a lien on the Property.

Nevertheless, Plaintiff asks the Court to invalidate the Substitute Trustee's Deed allegedly clouding Plaintiff's title based on the premise that the deed is invalid because it was filed after and in violation of the TRO. *See id.* But the summary judgment evidence shows otherwise. The Property sold before the TRO hearing began, and the TRO did not enjoin Defendant from foreclosing on the Property.

Because Plaintiff has failed to meet its burden to supply proof necessary to establish its superior title, the motion for summary judgment will be granted

## Conclusion

The Court GRANTS Defendant Farmers and Merchants Bank's Motion for Summary Judgment [Dkt. No. 27] and dismisses with prejudice Plaintiff RKCJ, LLC's sole claim. The Court will separately enter a judgment.

SO ORDERED.

DATED: July 19, 2022

DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE